UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-00436-RFB-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 22) |
| SKYRIDGE HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for an extension of time to serve Defendant Liqun Holdings Limited ("Defendant"), and for leave to serve it by publication or through the Secretary of State. Docket No. 22. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED** in part and **DENIED** in part.

I.    **Motion to Extend Time for Service**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Defendant for 60 days.

II.   **Motion for Leave to Serve by Publication**

Plaintiff seeks leave to serve Defendant by publication. Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by

publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Federal Rules of Civil Procedure provide for service pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants. Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

Here, Plaintiff's efforts to effectuate service consist of (1) attempting to personally serve the Defendant's president (Zhiqun Huang) at two locations identified on the Secretary of State website and (2) attempting to serve Defendant through its previous attorney. *See, e.g.*, Docket No. 22-2. Such efforts are not sufficient for the Court to permit Plaintiff to bypass the traditional service requirements. For example, Plaintiff fails to explain whether it has conducted any searches regarding the location for Mr. Huang apart from reviewing the Secretary of State website. Nor has Plaintiff explained whether it has searched for the current location of Defendant's other officers, Zhihong Mo and Geng Zhang. *Cf.* Nev. R. Civ. P. 4(d)(1) (Nevada corporate entities may generally be served through any of their officers).[1] Given that it appears several avenues to effectuate service remain unexplored, the Court finds the request to serve Defendant by publication to be premature.

---

[1] The Court takes judicial notice of the information contained on the Secretary of State website. *See, e.g.*, *Hackett v. OneWest Bank FSB*, 2012 WL 6016740, *3 n.3 (D. Nev. Dec. 3, 2012) (taking judicial notice of information on Nevada Secretary of State business entity search website).

### III. Motion for Leave to Serve Through the Secretary of State

Plaintiff also requests leave to serve Defendant through the Secretary of State. Plaintiff's single paragraph devoted to seeking this relief does not meaningfully develop the issue. *See* Docket No. 22 at 5. Therefore, it will be denied. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).[2]

### IV. Conclusion

For the reasons discussed above, the pending motion is **GRANTED** in part and **DENIED** in part. More particularly, the deadline to effectuate service on Defendant is extended by 60 days. The requests to serve Defendant by publication or through the Secretary of State are denied without prejudice.

IT IS SO ORDERED.

DATED: June 14, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Moreover, service through the Secretary of State is permitted when service on a corporate entity cannot be completed. *See* Nev. R. Civ. P. 4(d)(1). The pending motion has not made a sufficient showing on that front for the reasons discussed above.

3