UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>             Plaintiff(s),<br><br>vs.<br><br>SKYRIDGE HOMEOWNERS<br>ASSOCIATION, et al.,<br><br>             Defendant(s). | Case No. 2:16-cv-00436-RFB-NJK<br><br>ORDER<br><br>(Docket No. 27) |

Pending before the Court is Plaintiff's motion for an extension of time to serve Defendant Liqun Holdings Limited ("Defendant"), and for leave to serve it by publication. Docket No. 27. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED**.

I.  **Motion to Extend Time for Service**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Defendant for 60 days.

II. **Motion for Leave to Serve by Publication**

Plaintiff seeks leave to serve Defendant by publication. Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of*

*Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

      The Federal Rules of Civil Procedure provide for service pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants. Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

      Here, Plaintiff's efforts to effectuate service consist of (1) attempting to personally serve the Defendant's president (Zhiqun Huang) at two locations identified on the Secretary of State website and (2) attempting to serve Defendant through its previous attorney; (3) conducting a skip trace on various officers of Liqun; and (4) attempting to serve on such officer four times at a home address located. *See* Docket No. 27 at 3-4. The Court finds these efforts sufficient to establish diligence, and permits service by publication.

//
//
//
//
//
//
//
//
//
//

**III.     Conclusion**

Accordingly, the Court **GRANTS** the motion for service by publication. The deadline to serve Defendant by publication is also extended by 60 days.  Plaintiff shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall:

    (a)    Serve Defendants by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.

    (b)    After publication is complete, Plaintiff shall file an Affidavit of Publication.

IT IS SO ORDERED.

DATED: August 1, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge